JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Arnette Blackmon

### DEFENDANTS
United States of America
Bishoy Shokry

**(b)** County of Residence of First Listed Plaintiff: **Hudson**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc F. Greenfield, Esq.
Spear Greenfield Richman Weitz & Taggart, P.C.
1500 JFK Blvd., Ste 200, Philadelphia, PA 19102 p - 215-985-2424

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1346 (b) 1

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 08/09/2021

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STAES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ARNETTE BLACKMON** | : | |
| 16 Marcy Avenue, Unit 1 | : | COMPLAINT IN |
| Jersey City, NJ 07304 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. |
| v. | : | |
| **UNITED STATES OF AMERICA** | : | |
| United States Attorney General | : | |
| Department of Justice | : | |
| 10th Street NW & Constitution Avenue | : | |
| Washington, DC 20530 | : | |
| & | : | |
| **BISHOY SHOKRY** | : | |
| 408 Jackson Street | : | |
| Pennsburg, PA 18073 | : | |
| Defendants | : | |

## COMPLAINT IN CIVIL ACTION

1. This action is brought pursuant to, and this Court has jurisdiction over, this action pursuant to 28 U.S.C §1346 (b) 1.

2. Venue is proper in this district pursuant to 28 U.S.C § 1391 (b) 2 because the events giving rise to this claim occurred within the District of New Jersey.

3. Also, pursuant to 28 U.S.C § 1332, the amount in controversy herein is in excess of Seventy-Five Thousand ($75,000) dollars, exclusive of interests and costs.

4. Plaintiff, Arnette Blackmon, is a citizen and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

5. Defendant, United States of America, has an address for service of process listed in the caption of this Complaint, which at all times material hereto was acting individually and/ or by and through all lessees, agents, servants, workmen, and/ or employees.

6. Defendant, Bishoy Shokry, is a citizen and resident of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint.

7. On or about December 18, 2019, Plaintiff, Arnette Blackmon, owned and operated a motor vehicle at or near Marcy Avenue and Lexington Avenue, in Jersey City, in the County of Hudson, in the State of New Jersey.

8. On or about December 18, 2019, defendant, United States of America's employee operator, operated a motor vehicle owned by defendant, Unite States of America, at or near Marcy Avenue and Lexington Avenue, in Jersey City, in the County of Hudson, in the State of New Jersey.

9. Suddenly, without warning, defendant, United States of America's employee operator, negligently and/ or carelessly operated manner as to strike plaintiff vehicle.

10. As a result of this accident, the plaintiff suffered severe and permanent bodily injury as more fully set forth at length below.

## COUNT I
## Arnette Blackmon v. United States of America
## Personal Injury

11. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

12. The negligence and/ or carelessness of defendant, United States of America, consisted of the following:

   a. Operating a motor vehicle in negligent and/ or careless manner without regard for the rights or safety of plaintiff and others;

   b. Failing to have said vehicles under proper and adequate control;

   c. Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff's vehicle;

   d. Failing to operate a motor vehicle at a speed which would allow defendant to stop within assured clear distance;

   e. Operating said vehicles at a dangerous and excessive rate of speed under the circumstance;

   f. Being inattentive to defendant's duties as operator of a motor vehicle;

   g. Disregarding traffic lanes, patterns and other devices;

   h. Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

   i. Failing to perceive the highly apparent danger to other which the actions and/or inactions posed;

   j. Failing to give plaintiff meaningful warning signs concerning the impending incident;

   k. Failing to exercise ordinary care to avoid injuring plaintiff;

   l. Failing to be highly vigilant and maintain sufficient control of said vehicle;

   m. Striking plaintiff's vehicle;

    n. Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and that the threat of harm posed to plaintiff;

    o. Failing inspect defendant's vehicle or to maintain defendant's vehicle in a safe an non-defective condition;

    p. Allowing a dangerous, unsafe and defective moto vehicle to be operated on a public highway'

    q. Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of Jersey City, County of Hudson, and the Statues of the State of New Jersey pretaining to the operation and control of motor vehicles; and,

    r. Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and other in direct violation of the laws of the State of New Jersey.

13. The negligence and/ or carelessness of defendant further consisted of the following:

    a. Permitting an incompetent drive to operate the vehicle;

    b. Failing to determine whether defendant driver possessed the necessary skills and/ or possessed the necessary mental or physical ability to exercise such driving skills;

    c. Failing to instruct the defendant driver in the proper method of operating a motor vehicle;

    d. Failing to properly instruct the defendant driver on how to properly operate his vehicle and its warning apparatus in an emergency situation;

    e. Failing as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver were operating the vehicle at the aforesaid time and place as herein before described; and,

    f. Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

14. As a direct result of the negligent, careless and/ or reckless conduct of the defendant, United States of America, the plaintiff suffered various serious and permanent personal injuries, serious impairment and/or loss of body function and/or permanent serious disfigurement, including, but not limited: bilateral lumbar disc herniation, multi-level bilateral lumbar disc bulging, and any other ills, injuries, all to plaintiff's great loss and detriment.

15. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for indefinite time.

16. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

17. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the further loss and detriment of the plaintiff.

18. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related in an amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgement in plaintiff's favor and against defendant, United State of America, in an amount in excess of Seventy-Five Thousand ($75,000.00) dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

### COUNT II
### Arnette Blackmon v. Bishoy Shokry
### Personal Injury

19. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

20. The negligence and/ or carelessness of defendant, United States of America, consisted of the following:

a. Operating a motor vehicle in negligent and/ or careless manner without regard for the rights or safety of plaintiff and others;

b. Failing to have said vehicles under proper and adequate control;

c. Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff's vehicle;

d. Failing to operate a motor vehicle at a speed which would allow defendant to stop within assured clear distance;

e. Operating said vehicles at a dangerous and excessive rate of speed under the circumstance;

f. Being inattentive to defendant's duties as operator of a motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i. Failing to perceive the highly apparent danger to other which the actions and/or inactions posed;

j. Failing to give plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Striking plaintiff's vehicle;

n. Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and that the threat of harm posed to plaintiff;

o. Failing inspect defendant's vehicle or to maintain defendant's vehicle in a safe an non-defective condition;

p. Allowing a dangerous, unsafe and defective moto vehicle to be operated on a public highway'

    q.    Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of Jersey City, County of Hudson, and the Statues of the State of New Jersey pretaining to the operation and control of motor vehicles; and,

    r.    Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and other in direct violation of the laws of the State of New Jersey.

21.    As a direct result of the negligent, careless and/ or reckless conduct of the defendant, United States of America, the plaintiff suffered various serious and permanent personal injuries, serious impairment and/or loss of body function and/or permanent serious disfigurement, including, but not limited: bilateral lumbar disc herniation, multi-level bilateral lumbar disc bulging, and any other ills, injuries, all to plaintiff's great loss and detriment.

22.    As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for indefinite time.

23.    As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

24.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the further loss and detriment of the plaintiff.

25.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related in an amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgement in plaintiff's favor and against defendant, United State of America, in an amount in excess of Seventy-Five Thousand ($75,000.00) dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

                                                **SPEAR, GREENFIELD,**
                                                **RICHMAN, WEITZ & TAGGART, P.C.**

                                                **BY:**    **MARC F. GREENFIELD, ESQUIRE**

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**
jkl